UNITED STATES DISTRICT COURT
District of Maine

|  |  |  |
|---|---|---|
| VANCE EVAN ELDRIDGE, a Resident of the Town of Hampden, County of Penobscot, State of Maine, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:26-CV-_____ |
| GARY L. EATON, a Resident of the Town of Stonington, County of Hancock, State of Maine, | ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY

NOW COMES Plaintiff Vance Evan Eldridge, through his counsel at Kelly, Remmel & Zimmerman, and complains as follows:

### General Allegations Applicable to All Counts

1. This Complaint arises under the Court's general admiralty jurisdiction, 28 U.S.C. § 1333, and under the Jones Act, 46 U.S.C. § 30104.

2. Plaintiff Vance Evan Eldridge (hereinafter "Plaintiff" and/or "Mr. Eldridge") is a resident of the Town of Hampden, County of Hancock, State of Maine.

3. Upon information and belief, Defendant Gary Eaton (hereinafter "Defendant" and/or "Captain Eaton") is a resident of the Town of Stonington, County of Hancock, State of Maine.

4. At all times relevant to this action, Plaintiff Vance Evan Eldridge was a member of the crew of the commercial fishing vessel *Mygraine II* (hereinafter the "Vessel") and acting in the course of his employment as a crewman of that vessel.

1

5.      At all times relevant to this action, Defendant Eaton owned and/or operated the commercial fishing vessel *Mygraine II* and employed Plaintiff Vance Evan Eldridge as a crewman aboard that vessel.

6.      At all times relevant to this action, Defendant Eaton served as the captain of the commercial fishing vessel *Mygraine II*.

7.      At the time of the incident complained of in this action, the commercial fishing vessel *Mygraine II* was a "vessel" for purposes of the Jones Act and the general maritime law of unseaworthiness.

8.      At the time of the incident complained of in this action, Plaintiff was a "seaman" for purposes of the Jones Act and the general maritime law of unseaworthiness.

9.      In the early morning hours of July 25, 2023, Plaintiff was resting down below in his bunk on the Vessel while Defendant Eaton captained the Vessel out to its offshore lobster traps. Captain Eaton put the Vessel on auto-pilot instead of staying attentive at the wheel. The Vessel abruptly crashed into a rock lodge. The Vessel was towed to shore by Defendant's son after the grounding incident.

10.     Plaintiff suffered new or exacerbated physical, mental, psychological, and/or emotional injuries as a result of the crash, including but not limited to a concussion and post-concussion syndrome, strain of his cervical spine, contusion of his thoracic spine, general anxiety disorder, severe recurrent major depression, and post-traumatic stress disorder.

11.     Plaintiff's injuries were incurred while in the service of the commercial fishing vessel *Mygraine II*.

12.     Plaintiff's injuries were not the result of any culpable misconduct by the Plaintiff.

2

13.    After the crash and as a result of the crash, Plaintiff received emergency and follow up medical treatment at and through at least the VA and Northern Light Maine Coast Hospital, among other medical providers

14.    Plaintiff has received and continues to require medical treatment for his injuries. Plaintiff has not yet reached maximum medical improvement.

15.    Plaintiff experienced and continues to experience mental anguish, emotional distress, and/or pain and suffering as a result of his injuries.

16.    Plaintiff incurred medical bills and expenses as a result of the medical treatment he received.

17.    Since the grounding incident, Plaintiff has been found to be permanently and totally disabled for his post-traumatic stress disorder with major depressive disorder and generalized anxiety disorder.

18.    Plaintiff missed work as a result of his injuries and treatment, will miss further work as treatment and/or symptoms continue, and will not be able to return to commercial fishing work as a result of his injury(ies), condition(s), permanent impairment(s), and/or limitation(s). Plaintiff therefore incurred a loss of earnings. Plaintiff will also suffer a loss of earning capacity as a result of his injuries.

19.    On or about July 25, 2023, while performing duties as a crewman onboard the vessel *Mygraine II*, Plaintiff Vance Evan Eldridge suffered the following injuries and damages: (a) spinal strains, contusions, and other physical injuries; (b) traumatic brain injury including concussion and post-concussion syndrome; (c) aggravated mental/psychological injuries including post-traumatic stress disorder, major depressive disorder and generalized anxiety disorder; (d) severe

3

physical/mental pain and suffering; (e) permanent impairment and/or disability; (f) lost earnings; (g) loss of earning capacity; and (h) other damages.

**Count I: Jones Act Negligence**

20.     Plaintiff Vance Evan Eldridge incorporates by reference paragraphs 1 through 19 of this Complaint into Count I.

21.     At the time of his injuries, Plaintiff was a crewmember onboard the vessel *Mygraine II* and met the requirement for status as a Jones Act seaman.

22.     As Defendant Eaton is or was Plaintiff's employer at the time of his injuries, Defendant Eaton is a proper defendant to a Jones Act claim for negligence. 46 U.S.C. § 30104.

23.     As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of Defendant Eaton in at least the following particulars: negligent operation of the Vessel; inattention to surroundings while operating the Vessel; failure to follow safety procedures and/or protocols; failing to provide Plaintiff with a safe place to work; and/or failing to have adequate and working equipment and/or personnel onboard the Vessel to safely transit on the open waters.

24.     As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff Vance Evan Eldridge suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Vance Evan Eldridge demands judgment against Defendant Eaton in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

**Count II: Unseaworthiness**

25.     Plaintiff Vance Evan Eldridge incorporates by reference paragraphs 1 through 24 of this Complaint into Count II.

4

26.    Defendant Eaton, as owner of the Vessel, owes a non-delegable duty of providing a reasonably safe vessel to all crewmembers.

27.    As described above, the injuries and damages suffered by Plaintiff are the result of an unseaworthy condition of the Vessel owned and operated by Defendant Eaton in at least the following particulars: failing to provide a safe workspace; failing to have proper working equipment on board the Vessel; failing to have adequate equipment and/or personnel onboard the Vessel to safely transit on the open waters.

28.    As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff Vance Evan Eldridge demands judgment against Defendant Eaton in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

### Count III: Maintenance & Cure

29.    Plaintiff Vance Evan Eldridge incorporates by references paragraphs 1 through 28 of this Complaint into Count III.

30.    At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant Eaton as a crewman aboard the commercial fishing vessel *Mygraine II*.

31.    As a result of the above-described injuries suffered by Plaintiff Vance Evan Eldridge, he is entitled to maintenance at a reasonable daily rate and cure until he reaches the point of maximum medical improvement.

WHEREFORE, Plaintiff Vance Evan Eldridge demands judgment against Defendant Eaton in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interest, costs, legal fees and punitive damages to the extent support by law. *See,*

*e.g., Vaughan v. Atkinson*, 369 U.S. 527 (1962), *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).

## Jury Trial Demand

Plaintiff demands trial by jury of all counts of this Complaint. 46 U.S.C. § 30104.

Dated at Portland, Maine this 16th day of April, 2026.

/s/ Stephen W. Koerting
Stephen W. Koerting, MBN 5820
skoerting@krz.com
Attorney for Plaintiff Vance Evan Eldridge
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Portland, Maine 04101
(207) 775-1020

6